NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YONGYE GUO,

        Petitioner,

  v.

MERRICK GARLAND,

        Respondent.

No.   17-72453

Agency No. A099-329-223

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2023[**]
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,[***] District Judge.

Yongye Guo ("Guo"), a native and citizen of the People's Republic of China

("China"), petitions for review of the Board of Immigration Appeals' ("BIA")

decision affirming an Immigration Judge's ("IJ") denial of his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We **DENY** the petition for review.

1.  We review the factual findings of the BIA for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Where, as here, the BIA reviewed the IJ's adverse credibility determination for clear error, we will look to the IJ's decision as a guide to the BIA's decision. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). "Under the REAL ID Act, there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152-53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). An IJ can base a credibility determination on any "relevant factor," including any inconsistencies, "without regard to whether" the inconsistency "goes to the heart of the applicant's claim." 8 U.S.C. 1158(b)(1)(B)(iii).

"[U]nder the REAL ID Act, even minor inconsistencies . . . may constitute the basis for an adverse credibility determination." *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (citation omitted). Here, Guo testified multiple times that the key meeting where he was arrested occurred on July 12, 2005, a Sunday evening, and he remembered because his group usually met on Sundays. In fact, July 12, 2005, was a Tuesday. Given the importance of this key meeting—because Guo's claim of persecution rests on the date of his arrest—the IJ could determine that this

2

inconsistency undermined Guo's credibility. The IJ also based her adverse credibility determination on Guo's changing testimony about how many cameras he brought abroad. The IJ could determine that this inconsistency undermined his credibility because the pictures were evidence that allegedly led the government to detain him longer. Based on these discrepancies, the IJ could determine that Guo was not credible, and without credible testimony, he could not prevail on his asylum and withholding of removal claims.

2. Substantial evidence also supports the Board's determination that Guo failed to establish a clear probability of torture. A petitioner seeking CAT relief must demonstrate a "particularized threat of torture," not a threat of torture in the abstract nor merely a showing that torture occurs in the country of removal. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (emphasis removed). Where a CAT claim relies on the same testimony deemed not credible in the asylum context, the agency may rely on that adverse credibility determination to deny CAT protection as well. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Guo's testimony was not credible, and the country conditions evidence does not compel a finding that Guo has established a particularized threat of torture.

Therefore, substantial evidence supports the Board's denial of Guo's CAT claim.

The petition is **DENIED.**